# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMARCUS FENNELL, *et al.*, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 19-111 |
| | : | |
| WARDEN DAVID PENCHISHEN, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**January 14, 2019**

Inmate Jamarcus Fennell seeks damages and injunctive relief against the Northampton County prison warden and corrections officers challenging a prison policy allowing the officers to not return commissary items when men return to the general prison population after solitary confinement but return commissary items taken from women inmates placed in solitary confinement. Mr. Fennell includes male inmates as plaintiffs but they did not sign the complaint. He moves to proceed *in forma pauperis* and we grant this relief.[1] But we dismiss without prejudice the male inmates who did not sign the complaint and Mr. Fennell's due process claim. Mr. Fennell may proceed on his equal protection claim.

## I.　Allegations.

Northampton County prison officials placed Mr. Fennell in disciplinary solitary confinement and cleared out his former cell. Upon his release from solitary confinement, the prison officials properly documented and inventoried his "paperwork, clothing, and cosmetic type of property" and returned them to him. But they did not return his commissary items.[2] He grieved the loss of his commissary items. He alleges prison officials told him the prison has a

policy of not returning the commissary items. Mr. Fennell alleges he "researched and found this policy is not an existing policy on the women's side of this jail."[3]

**II.    Analysis**

Mr. Fennell may proceed *in forma pauperis* as it appears he is incapable of paying the fees to commence this civil action.[4]    Under 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the *in forma pauperis* complaint before service if the complaint does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5]    Conclusory allegations do not suffice.[6]    As Mr. Fennell is proceeding *pro se*, we construe his allegations liberally.[7]

**A.    We dismiss claims brought on other inmates' behalf.**

Mr. Fennell seeks to proceed on behalf of similarly situated inmates as a purported class action.  They did not sign the complaint but are named in Mr. Fennell's *pro se* complaint.  They cannot proceed without signing the complaint.  Mr. Fennell lacks standing to pursue claims on the named inmates. Mr. Fennell, as, will also face a difficult time acting as a class representative as courts have held a prisoner proceeding *pro se* is "inadequate to represent the interests of his fellow inmates in a class action."[8]   Mr. Fennell is not licensed to represent them *pro se* in federal court.[9] We dismiss the other inmates claims without prejudice but they file their own cases and pay the filing fee as we require Mr. Fennell to do so today.

**B.    We dismiss Mr. Fennell's civil rights claim based on lost property.**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[10]   Mr. Fennell fails to state a plausible claim for relief at this time.

2

We understand Mr. Fennell hopes to *pro se* allege a due process claim under the Fourteenth Amendment based on the loss of his commissary property. Pennsylvania also provides Mr. Fennell with a remedy. There is no basis for a due process claim when Pennsylvania law provides Mr. Fennell with an adequate state remedy.[11] Mr. Fennell has not stated a due process claim but may wish to pursue a Pennsylvania claim in state court.

### C. We allow Mr. Fennell to proceed on his equal protection claim.

We also understand Mr. Fennell to be pursuing an equal protection claim under the Fourteenth Amendment based on the policy regarding the destruction of commissary items upon issuance of a misconduct does not exist on the women's side of the Northampton County Jail. The Equal Protection Clause directs all similarly situated individuals be treated alike.[12] At this time, and subject to service upon Defendants and their arguments on equal protection, Mr. Fennell may proceed on his equal protection claim.

### III. Conclusion

In the accompanying Order, we grant Mr. Fennell leave to proceed *in forma pauperis* but dismiss the other named Plaintiffs and Mr. Fennell's due process claim regarding the deprivation of his property. Mr. Fennell may proceed on his equal protection claim based on an allegedly different policy on returning commissary items to women inmates after disciplinary solitary confinement in the Northampton County jail.

---

[1] ECF Doc. No. 1.

[2] *Id.*

[3] *Id.*

[4] As Mr. Fennell is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[6] *Id.*

[7] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[8] *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 289 (D.N.J. 1998) (quoting *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992)); *see also Awala v. N.J. Dep't of Corr.*, 227 F. App'x 133, 134 (3d Cir. 2007) (per curiam) (affirming district court where district court "dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), concluding that as a pro se prisoner without formal training in the law . . . Awala would not be able to adequately represent the interests of the class and maintain the suit as a class action").

[9] *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).

[10] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[11] *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).

[12] *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).