IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMARCUS FENNELL**, *et al.*, | : | **CIVIL ACTION** |
| Plaintiffs, | : | |
| | : | |
| v. | : | **NO. 19-111** |
| | : | |
| **WARDEN DAVID PENCHISHEN**, *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 14th day of January 2019, upon considering *pro se* Plaintiff's Motion for leave to proceed *in forma pauperis* (ECF Doc. No. 1), Prisoner Trust Fund Account Statement (ECF Doc. No. 3), Complaint (ECF Doc. No. 2), and for reasons in the accompanying Memorandum, it is **ORDERED**:

1. Plaintiff's Motion for leave to proceed *in forma pauperis* (ECF Doc. No. 1) is **GRANTED**;

2. Plaintiff JaMarcus Fennell, #10159, shall pay the full filing fee of $350.00 in installments, under 28 U.S.C. § 1915(b). Based on the financial information provided by Mr. Fennell, he is not assessed an initial partial filing fee. In each month when the amount in Mr. Fennell's inmate trust fund account exceeds $10.00, the Warden or other appropriate official at the Northampton County Jail or at any other prison at which Mr. Fennell may be incarcerated shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Fennell's inmate trust fund account until the fees are paid. Each payment shall reference the docket number for this case, Civil Action No. 19-111;

3. The Clerk of Court shall send a copy of this Order to the Warden of the Northampton County Jail;

4. The Complaint is **DEEMED** filed;

5. We **dismiss:**

   a. all Plaintiffs except Mr. Fennell, and all claims brought on their behalf, **without prejudice;**

   b. Mr. Fennell's due process claim regarding the deprivation of his property is **DISMISSED with prejudice.** Mr. Fennell may proceed on his equal protection claim at this time;

6. The Clerk of Court is specially appointed to serve written waiver requests on the Defendants, under Federal Rule of Civil Procedure 4(d), to effect waiver of service. The waiver of service requests shall be accompanied by a copy of the Complaint and a copy of this Order and Memorandum and shall inform the Defendants of the consequences of compliance and failure to comply with the requests. The requests shall allow the Defendants at least thirty days from the date they are sent (sixty days if addressed outside any judicial district of the United States) to return the signed waivers. If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue summonses and transmit the summonses and a copy of the Complaint and this Order and Memorandum to the U.S. Marshals Service for immediate service;

7. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
> (Signature)"

8. Requests for court action must be made by a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure, Local Rules and our Policies are to be followed. Mr. Fennell is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal. All parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov;

9. Plaintiff is specifically directed to comply with our Policies and Local Rule 26.1(f) which provides "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Plaintiff shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence;

10. No direct communication is to take place with the District Judge or United States Magistrate Judge about this case. All relevant information and papers are to be directed to the Clerk of Court; and,

11. In the event a summons is returned unexecuted, it is Plaintiff's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

12. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

KEARNEY, J.