# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMARCUS FENNELL**, *et al.* | : CIVIL ACTION |
| v. | : NO. 19-111 |
| **WARDEN DAVID PENCHISHEN**, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**April 30, 2019**

Invoking their equal protection rights, five prisoners incarcerated at the Northampton County Prison *pro se* sue several prison officials and agents in their individual and official capacities because someone allegedly disposes of commissary items of male inmates but not female inmates when the prison places them in disciplinary segregation. They do not sue a state entity or decision-making body setting a policy or rule which may violate the male inmates' equal protection rights. Each prisoner must plead each defendant's role in an alleged policy treating inmates differently based on sex. When, as today, the prisoners base an equal protection claim on undescribed research confirming different treatment without identifying a single defendant's role in such a policy, we must dismiss the equal protection claim against the individual defendants. We grant the prisoners leave to timely file an amended complaint if they can plead equal protection claims against a state entity or decision-making body or show the individual liability of a prison agent sued by the prisoners for the alleged equal protection violation.

I.   **Alleged facts.**

JaMarcus Fennell, George Bloomer, Tyrell Vosper, Benjamin Ragsdale, and John Hofer are incarcerated in the Northampton County Prison.[1] At some point before November 6, 2018, the Prison placed Mr. Fennell in disciplinary solitary confinement and cleared out his former cell.[2] On November 6, 2018, Mr. Fennell moved out of disciplinary solitary confinement.[3] Prison officials failed to return $89.00 worth of soups and chips Mr. Fennell purchased from the prison commissary store before his solitary confinement.[4] An unidentified clothing room officer told Mr. Fennell "all Lieutenants confiscate all commissary items from inmates when they (inmates) are issued a misconduct."[5] Lieutenants Rinker, Henninger and Zeigler told Mr. Fennell it is policy for Lieutenants to confiscate commissary items after an inmate receives a misconduct.[6] The Director, Warden, Jail Advisory Board, and County Council Jail Liaison "all sit down together and create the policies."[7] Prison deputies and hearing examiners then enforce the policies through the Lieutenants.[8] An unidentified person told Mr. Fennell he would not be getting his commissary items back and would not be reimbursed.[9]

Lieutenants Rinker, Henninger and Zeigler refused to give Mr. Fennell a grievance form explaining he could not grieve the issue.[10] Mr. Fennell found a grievance form and submitted it, complaining about the confiscation of his commissary items.[11] Unnamed prison officials answered the grievance stating perishable items were not stored.[12] Mr. Fennell appealed twice.[13] Unnamed prison officials responded to the first appeal stating Mr. Fennell used the wrong form of grievance and was automatically denied.[14] No one responded to Mr. Fennell's second appeal.[15] Mr. Fennell also alleges, based on undescribed research, the commissary policy did not apply on the women's side of the jail.[16]

2

Mr. Fennell sued and attempted to assert claims on behalf of forty fellow prisoners at Northampton County Prison.[17] We denied his alleged class action status as he cannot serve as a class representative and is not licensed to represent other persons in court. We dismissed all of Mr. Fennell's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) except his equal protection claim.[18] We allowed other prisoners to join the suit.[19] George Bloomer, John Hofer, Benjamin Ragsdale, and Tyrell Vosper joined Mr. Fennell's case, but allege no lost commissary items.[20]

Plaintiffs sue Prison Warden David Penchishen, Director of Corrections James Kostura, Jail Advisory Board Chairman Daniel Hood, County Council Jail Liaison Lori Heffner, Jail Advisory Board Vice Chairperson Dr. Michelle Santiago, Jail Advisory Board Member Jodi Ruggiero, Jail Advisory Board Member Sharon Garretson, Jail Advisory Board Member Robin Rivera, Jail Advisory Board Member Edward Boscola, Head of Hearing Examiners John Harman, Deputy Warden James Kleinman, Deputy Warden Mark Bartholomew, Captain Jason Werley, Captain Mills, Captain David Collins, Lieutenant Diacogiannis, Lieutenant Longenbach, Lieutenant Heinrich, Lieutenant Goldy, Lieutenant Hoffman, Lieutenant Williams, Lieutenant Zeigler, Lieutenant Henninger, Lieutenant Ashley Warning, Lieutenant Cruz, Lieutenant Michael Chewblowski, Lieutenant Ackerman, Lieutenant Chad Rinker, and Lieutenant VanArsdale in their individual and official capacities.

## II.    Analysis.[21]

The remaining claim of equal protection is based on Mr. Fennell's belief, based on undescribed research, of all Defendants treating men differently than women inmates when returning their property after they were placed in disciplinary segregation. All Defendants move to dismiss this equal protection claim.[22] Defendants argue Plaintiffs fail to state an equal protection claim against them in their individual or official capacities.[23]

3

We grant Defendants' motion to dismiss Plaintiffs' equal protection claims against Defendants in their individual capacities with leave to allow Plaintiffs to amend their complaint to adequately plead an equal protection claim. We grant Defendants' motion to dismiss Plaintiffs' official capacity claims with leave to amend the complaint to name an entity to establish a municipal liability claim.

### A. We grant Defendants' motion to dismiss Plaintiffs' equal protection claims against Defendants in their individual capacities.

Defendants move to dismiss Plaintiffs' equal protection claims against them in their individual capacities arguing Plaintiffs fail to allege facts showing Defendants' personal involvement in a deprivation of Plaintiffs' constitutional rights to equal protection. We agree.

Plaintiffs sue individual Defendants under 42 U.S.C. § 1983 alleging Defendants violated their right to equal protection under the Fourteenth Amendment. Under the Fourteenth Amendment, no state shall "deny to any person within its jurisdiction the equal protection of the laws."[24] To state a claim under the Equal Protection clause, Plaintiffs must allege "the existence of purposeful discrimination," specifically they "received different treatment from that received by other individuals similarly situated."[25]

Since they sue individual Defendants under § 1983, Plaintiffs must allege each Defendant's personal involvement in the constitutional violation. Plaintiffs must allege each individual Defendant, acting under color of law, violated his constitutional or statutory rights, and caused the alleged injury.[26] Plaintiffs must allege each Defendant's "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior."[27] Plaintiffs can show personal involvement with allegations of "personal direction or of actual knowledge and acquiescence."[28]

4

Our Court of Appeals' decision in *Evancho v. Fisher* is instructive regarding "personal involvement" under § 1983. In *Evancho*, an employee of the Pennsylvania Bureau of Narcotics Investigation and Drug Control sued former Attorney General Michael Fisher.[29] The employee alleged a retaliatory transfer after she disclosed her management's failure to investigate missing items and altered records.[30] The plaintiff sued Attorney General Fisher alleging the attorney general's direct subordinates carried out the transfer. She alternatively alleged the attorney general transferred her to either set up her dismissal or make her work life so miserable she would be forced to resign.[31] The district court dismissed the employee's claims.

Our Court of Appeals affirmed the district court's dismissal holding such speculation could not establish personal involvement. The court explained the employee failed to allege specific details showing personal involvement, such as "facts indicating that Attorney General Fisher personally directed her transfer."[32] The complaint also failed to allege "even a remote suggestion that Attorney General Fisher had contemporaneous, personal knowledge of her transfer and acquiesced in it."[33]

To form the basis of their equal protection claims, Plaintiffs allege the Director, Warden, Jail Advisory Board Members, and County Council Jail Liaison created and implemented a policy for discarding commissary items when a prisoner receives a misconduct and subsequent solitary confinement.[34] They allege "this policy is not an existing policy on the women's side of this jail."[35] Mr. Fennell alleges the destruction of $89.00 worth of commissary items under this policy. Mr. Bloomer, Mr. Hofer, Mr. Reysdale, and Mr. Vosper do not allege the destruction of their commissary items.

5

Plaintiffs generally allege deputies and hearing examiners enforce policies through lieutenants. They allege Lieutenants Rinker, Henninger, and Zeigler told Mr. Fennell it is policy for all Lieutenants to confiscate commissary items after an inmate receives a misconduct.[36]

We address Defendants' motion to dismiss by grouping Defendants as follows: (1) the Director, Warden, Jail Advisory Board Members, and County Council Jail Liaison Defendants who create policy at the Prison; (2) the Hearing Examiner and Deputy Defendants who enforce policy; (3) Lieutenants Rinker, Henninger, and Zeigler who told Mr. Fennell of the prison policy to discard commissary items and denied him the ability to grieve disposal of his commissary items; (4) the Captain Defendants, about whom Plaintiffs allege no facts; (5) the remaining Lieutenant Defendants who also enforce policy.

The Plaintiffs do not allege the role of a Defendant in treating male inmates differently than female inmates. Rather, the entire basis of an equal protection argument in based on Mr. Fennell's undescribed research which somehow lead him to conclude each of these Defendants played some role in treating the male and female inmates differently. Plaintiffs have not sued the entity responsible for the Prison's policies.

But we first address the claims of Messrs. Bloomer, Hofer, Reysdale, and Vosper who joined Mr. Fennell's claim but fail to allege harm to them.

### 1. Mr. Fennell is the only Plaintiff alleging facts relating to an equal protection claim.

Messrs. Bloomer, Hofer, Reysdale, and Vosper allege Defendants created and implemented a policy for discarding commissary items. They allege the policy does not apply to the women's side of the prison. But they fail to allege differing treatment since no prison officials discarded their commissary items. Thus, they fail to allege Defendants treated them differently than similarly-situated individuals. We dismiss the equal protection claims of Messrs. Bloomer,

6

Hofer, Reysdale and Vosper without prejudice for them to assert their claims in an amended complaint sufficiently pleading facts to pursue an equal protection claim.

Mr. Fennell alleges differing treatment. He alleges destruction of his commissary items and the lack of application to the women's side of the prison. We now address whether he alleges Defendants' personal involvement.

**2. Mr. Fennell fails to state an equal protection claim against Warden Penchishen, Director of Corrections James Kostura, Jail Advisory Board Chairman Daniel Hood, Jail Advisory Board Vice-Chairperson Dr. Michelle Santiago, Jail Advisory Board Member Jodi Ruggiero, Jail Advisory Board Member Sharon Garretson, Jail Advisory Board Member Robin Rivera, Jail Advisory Board Member Edward Boscola, and County Council Jail Liaison Lori Heffner in their individual capacities.**

Mr. Fennell alleges Warden Penchishen; Director of Corrections Kostura; Jail Advisory Board Members Hood, Santiago, Ruggiero, Garretson, Rivera, and Boscola; and Jail Liaison Heffner "create the policies" in the Prison. Mr. Fennell alleges prison officials discarded his commissary items under prison policy. He alleges the policy does not apply to the women's side of the jail. But he fails to allege a Defendant created a discriminatory policy. He only alleges the commissary policy does not apply to the women's side of the prison. Such allegation is insufficient to establish these Defendants' personal involvement in a deprivation of Mr. Fennell's right to equal protection.

We grant the motion to dismiss Mr. Fennell's equal protection claims against Warden Penchishen, Director of Corrections James Kostura, Jail Advisory Board Chairman Daniel Hood, County Council Jail Liaison Lori Heffner, Jail Advisory Board Vice-Chairperson Dr. Michelle Santiago, Jail Advisory Board Member Jodi Ruggiero, Jail Advisory Board Member Sharon Garretson, Jail Advisory Board Member Robin Rivera, Jail Advisory Board Member Edward

7

Boscola without prejudice to allow Mr. Fennell to timely amend his complaint to allege these Defendants' personal involvement in a constitutional violation.

### 3. Mr. Fennell fails to state an equal protection claim against Examiner John Harman, Deputy Warden James Kleinman, and Deputy Warden Mark Bartholomew in their individual capacities.

Mr. Fennell generally alleges deputies and hearing examiners enforce policies through the Lieutenants. But such a general allegation does not show personal involvement in an equal protection claim as to Mr. Fennell. As explained, Mr. Fennell fails to allege a discriminatory policy. He only alleges the commissary policy does not apply to the women's side of the prison. He alleges no facts showing the personal involvement of Examiner Harman, Deputy Warden Kleinman, or Deputy Warden Bartholomew in denying Mr. Fennell's right to equal protection. Mr. Fennell fails to state an equal protection claim against Examiner Harman, Deputy Warden Kleinman, and Deputy Warden Bartholomew.

We dismiss the claims against Examiner Harman, Deputy Warden Kleinman, and Deputy Warden Bartholomew without prejudice for Mr. Fennell to file an amended complaint sufficiently pleading personal involvement if he can do so in good faith.

### 4. Mr. Fennell fails to state an equal protection claim against Captain Werley, Captain Mils, or Captain Collins in their individual capacities.

Mr. Fennell names Captain Werley, Captain Mils, and Captain Collins as Defendants. But he alleges no facts involving these Defendants. As such, he fails to state an equal protection claim against these Defendants.

We dismiss Mr. Fennell's equal protection claims against Captain Werley, Captain Mils, and Captain Collins without prejudice for Mr. Fennell to file an amended complaint pleading facts sufficient to hold them liable if he can do so in good faith.

8

5. **Mr. Fennell fails to state an equal protection claim against Lieutenant Rinker, Lieutenant Henninger and Lieutenant Zeigler in their individual capacities.**

Mr. Fennell alleges Lieutenants Rinker, Henninger, and Zeigler told Mr. Fennell all Lieutenants "are responsible for the disposal of all commissary items at the issuing of any misconduct[.]"[37] He also alleges Lieutenants Rinker, Henninger and Zeigler all refused to give Mr. Fennell a grievance form and told Mr. Fennell he could not file a grievance about destruction of his commissary items.

Mr. Fennell fails to allege any facts showing these Defendants' personal involvement in a constitutional violation. As explained, he does not allege a discriminatory policy. He does not allege Lieutenants Rinker, Henninger, and Zeigler knew of any discriminatory policy or were personally involved in furthering a discriminatory policy. We grant the motion to dismiss Mr. Fennell's equal protection claims against Lieutenants Rinker, Henninger, and Zeigler in their individual capacities without prejudice to allow Mr. Fennell to amend his complaint to plead personal involvement in a constitutional violation.

6. **Mr. Fennell fails to state an equal protection claim against Lieutenants Diacogiannis, Longenbach, Heinrich, Goldy, Hoffman, Williams, Warning, Cruz, Chewblowski, Ackerman, and VanArsdale in their individual capacities.**

Mr. Fennell alleges an unidentified clothing room officer informed Mr. Fennell "all Lieutenants confiscate all commissary items from inmates when they (inmates) are issued a misconduct."[38] Plaintiffs also allege Lieutenants Rinker, Henninger and Zeigler told Mr. Fennell it is policy for Lieutenants to confiscate commissary items after an inmate receives a misconduct. But Mr. Fennell only generally alleges the remaining Lieutenant Defendants' responsibility for confiscating commissary items. Mr. Fennell fails to show any of these lieutenants' personal involvement in violating Mr. Fennell's right to equal protection.

9

We dismiss Mr. Fennell's equal protection claims against Lieutenants Diacogiannis, Longenbach, Heinrich, Goldy, Hoffman, Williams, Warning, Cruz, Chewblowski, Ackerman, and VanArsdale in their individual capacities without prejudice for the plaintiffs to file an amended complaint pleading facts sufficient to hold them individually liable if they can do so in good faith.

### B. We grant Defendants' motion to dismiss Plaintiffs' official capacity claims with leave to plead a claim against the municipality.

In addition to their individual capacity claims, Plaintiffs attempt to sue Defendants in their official capacity. Defendants argue Plaintiffs fail to state a claim against Defendants in their official capacities sufficient to establish municipal liability under *Monell v. Department of Social Services*.[39]

"Official capacity actions represent another way to sue the municipality of which the officer is an agent."[40] "So long as the governmental entity receives notice of the suit and an opportunity to respond to it, an official-capacity suit is, in all respects, to be treated as a suit against the government entity itself.[41] Plaintiffs fail to sue an entity. They only sue individuals. Assuming Plaintiffs attempt to sue an entity, they fail to name the entity or show such entity received notice of the suit and an opportunity to respond. Plaintiffs' official capacity claims fail.

We dismiss Plaintiffs' official capacity claims against Defendants without prejudice for Plaintiffs to file an amended complaint naming the proper entity as a defendant.

### III. Conclusion.

In the accompanying Order, we grant Defendants' motion to dismiss the remaining equal protection claims without prejudice to file an amended complaint pleading an equal protection claim against Defendants and possibly others who may have set the alleged policy.

¹ ECF Doc. No. 2 at pp. 5, 6, 16-17.

² *Id.* at p. 17.

³ *Id.*

⁴ *Id.*

⁵ *Id.*

⁶ *Id.*

⁷ *Id.*

⁸ *Id.*

⁹ *Id.*

¹⁰ *Id.* at p. 19.

¹¹ *Id.*

¹² *Id.*

¹³ *Id.*

¹⁴ *Id.*

¹⁵ *Id.*

¹⁶ *Id.* at p. 17.

¹⁷ *Id.* at pp. 5-9.

¹⁸ *Id.* at pp. 10-15; We earlier dismissed Mr. Fennell's class action complaint, and his § 1983 claims, with the exception of his equal protection claim. ECF Doc. No. 5.

¹⁹ ECF Doc. No. 5.

²⁰ ECF Doc. No. 54; ECF Doc. No. 58; ECF Doc. No. 61.

²¹ When considering a motion to dismiss "(w)e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and construe them in a light most favorable to the non-movant" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To

survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqubal,* 556 U.S. 662, 678 (2009) (quoting *Bell Alt. Corp v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak(e) note of the elements (the) plaintiff must plead to state a claim;'" (2) 'it should identify allegations that 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) '(w)hen there are well-lead factual allegations, (the) court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqubal,* 556 U.S. at 675, 679).

[22] Defendants Daniel Hood and Lori Vargo Heffner later joined the motion to dismiss. ECF Doc. No. 64 at p. 1.

[23] ECF Doc. No. 62 at pp. 7, 10.

[24] U.S. Const. amend. XIV, § 1.

[25] *Reisinger v. Luzerne Cty.*, 712 F. Supp. 2d 332, 355 (M.D. Pa. 2010) (quoting *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005)).

[26] *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (citing *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998)).

[27] *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)).

[28] *Id.*

[29] *Id.* at 349.

[30] *Id.*

[31] *Id.* at 349-50 (quoting operative complaint).

[32] *Id.* at 353.

[33] *Id.*

[34] ECF Doc. No. 2 at p.17.

[35] *Id.*

[36] *Id.*

[37] ECF Doc. No. 2 at p. 17.

[38] *Id.*

[39] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

[40] *Pennavaria v. Walton*, No. 10-0415, 2010 WL 2650413, at *4 (W.D. Pa. June 30, 2010) (citing *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988)).

[41] *Helm v. Palo*, No. 14-6528, 2015 WL 437661, at *9 (E.D. Pa. Feb. 3, 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).